UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DARREN DEON JOHNSON,

               Plaintiff,

v.

UNKNOWN BAKER et al.,

               Defendants.

_____/

Case No. 2:24-cv-133

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice. *See Neals*

*v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See, e.g.*, Order & J., *Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); Op., Order & J., *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); Order & J., *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012).

4

Additionally, on multiple occasions, Plaintiff has been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals. Indeed, the present suit is one of scores that Plaintiff has filed during his incarceration. Plaintiff has filed so many frivolous lawsuits that the United States District Court for the Eastern District of Michigan has enjoined Plaintiff from filing any new action without first obtaining leave of court, *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022), a restriction that the Sixth Circuit concluded was "justified by Johnson's record of engaging in vexatious litigation." Order, *Johnson v. Correctional Officer Schultz*, No. 22-1520, at 3 (6th Cir. Jan. 13, 2023).

As explained below, Plaintiff's allegations in the present action do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In the present action, Plaintiff sues the following Kinross Correctional Facility officials: Correctional Officers Unknown Baker and Unknown Quinn; Grievance Coordinator R. Voorhees; and Librarian Unknown Manner. (Compl., ECF No. 1, PageID.2.) Plaintiff alleges that on June 17, 2024, he "was retaliated against by [Defendants] Baker and Quinn for filing grievance[s] which Plaintiff has filed plenty of grievances about but has been disregarded." (*Id.*, PageID.3.) Specifically, Plaintiff claims that on that date, Defendants Baker and Quinn were training a new, non-party correctional officer, and they used Plaintiff's area of control "for teaching." (*Id.*) Plaintiff alleges that during "the retaliatory search[,] they willfully and intentionally took Plaintiff['s] thyroid medication, which according to the doctor, [Plaintiff] needs to maintain Plaintiff['s] blood flow to his heart." (*Id.*) Plaintiff claims that "[t]hey both are aware of the harm when Plaintiff does not take his med[ication]s due to a past situation where Plaintiff received severe chest pain which they had to call the medical department for Plaintiff." (*Id.*) Plaintiff states that he then "immediately sent a medical kite to the medical department for [the] thyroid medication." (*Id.* (citing Attach. A, ECF No. 1-1, PageID.8–9).) In the response to Plaintiff's June 18, 2024, kite, a non-party medical staff member stated: "Medication has been ordered. Watch your call out for pick up." (Attach. A, ECF No. 1-1, PageID.9.) Plaintiff also attempted to submit a grievance about the search of his cell, but he "is on modified [grievance] status," and Defendant Voorhees "refuse[d] to send the step 1 grievance and continuously ma[de] excuses not to send it."

(Compl., ECF No. 1, PageID.3.) Thereafter, Plaintiff alleges that on July 27, 2024, Defendant Manner "retaliated against Plaintiff for filing lawsuits and willfully and intentionally denied making legal photocopies of some pleadings (complaint) that the librarian always make[s] copies of." (*Id.*)

Plaintiff claims that he is in imminent danger of serious physical injury because Defendants Baker and Quinn took the "thyroid medication that [Plaintiff] need[s] daily in order for his blood to properly flow to his heart result[ing in] serious injuries of serious chest pain, which according to the continuous retaliation is going to potentially be ongoing." (*Id.*) Plaintiff further claims that he is in imminent danger of serious physical injury because his "heart is weak and has in the past received severe chest pain that culminated to a[] heart attack." (*Id.*)

The Court does not minimize Plaintiff's experience; however, based on the facts alleged in the complaint, Plaintiff fails to show that he was in imminent danger of serious physical injury at the time that he filed the complaint on July 31, 2024.[3] As an initial matter, Plaintiff fails to allege any facts to suggest that he was under any risk of physical injury, let alone a risk of *serious* physical injury, as related to Defendant Manner's denial of legal photocopies on July 27, 2024. (*See id.*) Further, as to Plaintiff's allegations regarding Defendants Baker and Quinn taking his thyroid medication during a search of his cell on June 17, 2024, Plaintiff does not allege that he was unable to take his medication at the time that he filed the complaint. Indeed, Plaintiff's own allegations indicate that he "immediately sent a medical kite to the medical department for [the] thyroid medication," and that promptly after receiving his kite, a non-party medical staff member indicated

---

[3] Plaintiff signed the complaint on July 31, 2024. (Compl., ECF No. 1, PageID.5.) It appears that Plaintiff submitted his complaint for mailing either on July 31, 2024, or August 1, 2024, because the envelope in which Plaintiff mailed his complaint was stamped by the United States Postal Service on August 1, 2024. (*Id.*, PageID.7.)

that the "[m]edication ha[d] been ordered" and that Plaintiff should "[w]atch [his] call out for pick up." (Attach. A, ECF No. 1-1, PageID.9.) Although Plaintiff alleges in a conclusory manner that the Court "could reasonably conclude that the Plaintiff [wa]s under an existing danger of serious physical injuries at the time he filed his complaint," Plaintiff fails to allege sufficient *facts* to support this conclusory assertion. (Compl., ECF No. 1, PageID.4.) For example, Plaintiff does not allege that he did not receive the replacement thyroid medication that had been ordered for him. Moreover, even assuming, without deciding, that during the unspecified, past time period in which Plaintiff was waiting for the replacement medication, he faced some risk of serious physical injury, Plaintiff alleges no facts to suggest that he was still waiting for the replacement medication at the time that he filed his complaint. Similarly, Plaintiff's allegation that in the past, he had a heart attack and had to be transported to the hospital fails to show that he was in imminent danger of serious physical injury at the time that he filed the present complaint. Simply put, Plaintiff's "[a]llegations of past dangers are insufficient to invoke the exception." *Taylor*, 508 F. App'x at 492.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

**<u>Conclusion</u>**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[4]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  September 19, 2024                         /s/ *Maarten Vermaat*
                                                    Maarten Vermaat
                                                    United States Magistrate Judge

---

[4] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.